MATTHEW A. MENSIK, WSBA # 44260
CASEY M. BRUNER, WSBA # 50168
WITHERSPOON KELLEY
422 W. Riverside, Suite 1100
Spokane, WA  99201
Telephone:  509-624-5265
Facsimile:  509-458-2728
Email:  mam@witherspoonkelley.com
           cmb@witherspoonkelley.com

MATTHEW CROTTY, WSBA #39284
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave., Suite 404
Spokane, WA  99201
Telephone: 509-850-7011
Email:  matt@crottyandson.com

Counsel for Plaintiff

HONORABLE ROSANNA
MALOUF PETERSON

# IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK PETERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF YAKIMA, a local governmental entity; TONY O'ROURKE, an individual human; MARK SOPTICH, an individual human, and ANTHONY DOAN, an individual human,<br><br>Defendants. | NO.  1:18-CV-03136-RMP<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY PENDING INTERLOCUTORY REVIEW** AND REQUEST FOR *CHUMAN* CERTIFICATION |

PLAINTIFF'S RESPONSE TO DEENDANTS' MOTION TO STAY PENDING INTERLOCUTORY REVIEW AND REQUEST FOR *CHUMAN* CERTIFICATION - 1



422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

Defendants Doan and Soptich ("Defendants") ask this Court to stay this matter and cancel the trial—depriving Mr. Peterson ("Plaintiff") of his day in Court—based on the legally incorrect assertion that this Court now lacks jurisdiction over the First Amendment claims. This is false. Defendants' belief is based on a misunderstanding and misapplication of Ninth Circuit law. Defendants do not have an automatic right to appeal. A notice of appeal based on a denial of qualified immunity does not automatically or immediately deprive the Court of jurisdiction. Trial must move forward.

## II.    STATEMENT OF FACTS

Plaintiff has alleged, among other claims, First Amendment retaliation under 42 U.S.C. § 1983, against Defendants O'Rourke, Soptich, and Doan. Plaintiff also seeks *Monell* liability against the City of Yakima for the ratification by Defendant O'Rourke of Defendants Soptich's and Doan's acts in violation of the First Amendment; and *Monell* liability for the City by Defendant O'Rourke engaging in the allegedly unconstitutional acts while he was the final policymaker for the City. ECF No. 1-2.

All Defendants moved for summary judgment and asked the Court to dismiss Plaintiff's Complaint. ECF No. 17. Defendants sought, in part, dismissal

PLAINTIFF'S RESPONSE TO DEENDANTS' MOTION TO STAY PENDING INTERLOCUTORY REVIEW AND REQUEST FOR *CHUMAN* CERTIFICATION - 2



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

of Plaintiff's § 1983 claims against all three individual Defendants under the doctrine of qualified immunity.

On January 23, 2020, the Court denied Defendants' Motion for Summary Judgment as to qualified immunity based on disputed issues of material fact. *See, e.g.,* ECF No. 62 at 41:4-6, 41:12-42:16, 42:17-43:1, 43:12-19, 46:8-14.

On January 29, 2020, Defendants Doan and Soptich improperly filed a Notice of Appeal. ECF Nos. 72-75.

On January 30, 2020, the Ninth Circuit Court of Appeals issued its briefing schedule and other deadline. *See Mark Peterson v. City of Yakima, et al*, Case No. 20-35070.

On January 31, 2020, the Ninth Circuit Court of Appeals issued the following text order:

> In addition to all other issues the parties wish to raise in their briefs, the parties shall address the basis of this court's jurisdiction over this appeal. *See Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 791-92 (9th Cir. 2018); *Maropulos v. Cty. of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009) ("<u>[A]n order denying qualified immunity on the ground that a genuine issue of material fact exists is not a final, immediately appealable order</u>."). The previously established briefing schedule remains in effect. [11580956] (JBS)

*Id.* (emphasis added).

The same day, Defendants Soptich and Doan moved to stay this matter, asserting that this Court no longer has "jurisdiction" over the First Amendment

PLAINTIFF'S RESPONSE TO DEENDANTS' MOTION TO STAY PENDING INTERLOCUTORY REVIEW AND REQUEST FOR *CHUMAN* CERTIFICATION - 3



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

claims. Plaintiff now opposes the stay and asks that trial move forward as to all claims.

### III. ARGUMENT

Defendants' appeal and related request for a stay are improper. This Court's order denying summary judgment, ECF No. 62, is *not* a final order nor immediately appealable as it was based on disputed facts. The Court should exercise its right under *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992), and order that the trial proceed on all claims.

1. <u>The Court's Order on Summary Judgment is NOT Automatically Reviewable as a Matter of Right.</u>

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). The "divestiture of jurisdiction rule is <u>not based upon statutory provisions or the rules of civil or criminal procedure</u>. Instead, it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984) (emphasis added). However, the

PLAINTIFF'S RESPONSE TO DEENDANTS' MOTION TO STAY PENDING INTERLOCUTORY REVIEW AND REQUEST FOR *CHUMAN* CERTIFICATION - 4

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

Supreme Court has since made clear that "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction." *Hamer v. Neighborhood Hous. Services of Chicago*, 138 U.S. 13, 138 S.Ct. 13, 17, 199 L.Ed.2d 249 (2017). As a result, "jurisdictional" rules derived from sources other than Congress are applied in a "less stern" manner than true jurisdictional rules. *Id.*

2.  <u>Whether Defendants have a right to interlocutory appeal depends on the basis for the underlying decision.</u>

"We begin with the premise that 'a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial.'" *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018) (*quoting Johnson v. Jones*, 515 U.S. 304, 319, 115 S. Ct. 2151, 2159, 132 L. Ed. 2d 238 (1995)). In *Johnson*, the Supreme Court held "that a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson*, 515 U.S. at 319–20.

In 2009, in *Maropulos v. Cty. of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009), the Ninth Circuit applied the same rule:

PLAINTIFF'S RESPONSE TO DEENDANTS' MOTION TO STAY PENDING INTERLOCUTORY REVIEW AND REQUEST FOR *CHUMAN* CERTIFICATION - 5

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

> Our jurisdiction to hear an interlocutory appeal from denial of qualified immunity turns on the basis for denial. Under *Johnson*, an order denying qualified immunity on the ground that a genuine issue of material fact exists is not a final, immediately appealable order. . . . We embrace the principle, and encourage all district judges within the circuit to articulate the basis upon which they deny qualified immunity and, when it is for reasons of sufficiency of the evidence to raise genuine issues of fact, to spell out the triable issues and why they preclude immunity before trial.

*Maropulos*, 560 F.3d at 975-76.

3. <u>This Court's Order Denying Summary Judgment as to Qualified Immunity is Based on Disputed Issues of Fact.</u>

Here, the Court denied Defendants' Motion for Summary Judgment on the grounds that material issues of fact existed that would preclude the application of qualified immunity as to the First Amendment Retaliation claims. *See generally,* ECF No. 62 at 41-46.

The Court's decision states the following:

"Plaintiff provided circumstantial evidence that he had a reputation among City officials for being outspoken regarding City actions and proposals." ECF No. 62 at 41:4-6.

"There is evidence that Mr. Doan, with the assent of Mr. O'Rourke and Mr. Soptich, moved forward with reporting Mr. Peterson as non-compliant with the fire code re-inspection when Mr. Doan had never informed Mr. Peterson that he only intended to inspect the public spaces of the premises or scheduling a time to inspect the entire premises in Plaintiff's presence." ECF No. 62 at 41:12-16.

"Likewise, there is evidence that Mr. Doan, with involvement from Mr. Soptich and awareness of Mr. O'Rourke, shifted course after the

PLAINTIFF'S RESPONSE TO DEENDANTS' MOTION TO STAY PENDING INTERLOCUTORY REVIEW AND REQUEST FOR *CHUMAN* CERTIFICATION - 6


WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300         Fax: 509.**458.2728**

initial November 5, 2013 inspection report and required installation of a one-hour separation within approximately ninety days without investigating whether that requirement and timeframe were reasonable or necessary." ECF No. 62 at 41:17-42:2.

"Plaintiff also provided circumstantial evidence that the individual Defendants and the City expressed an animus against him." ECF No. 62 at 42:3-4.

"Consequently, through a combination of direct and circumstantial evidence, <u>Plaintiff has established a genuine issue of fact as to the personal involvement of Defendants O'Rourke, Soptich, and Doan in the prosecution of the alleged violation</u> and as to whether those actions were orchestrated by a final policymaker for the City, specifically Mr. O'Rourke." ECF No. 62 at 42:17-43:1 (emphasis added).

"<u>Moreover, there is a genuine issue of material fact as to whether the individual Defendants were all integral participants in a constitutional violation</u> even if the actions of each defendant do not rise to the level of a constitutional violation. Keates, 883 F.3d at 1241 (quoting Boyd, 374 F.3d at 780)." ECF No. 62 at 43:15-19 (internal quotations omitted, emphasis added).

Ultimately, the Court concluded that it "found genuine issues of material fact regarding Plaintiff's First Amendment retaliation claim and a legally cognizable claim of a constitutional violation." ECF No. 62 at 44:17-19.

Therefore, because the facts of this case remain in dispute and the Court's order denying Defendants' qualified immunity was based on disputed issues of material fact, the Ninth Circuit Court of Appeals *does not have jurisdiction to hear the case*.

PLAINTIFF'S RESPONSE TO DEENDANTS' MOTION TO STAY PENDING INTERLOCUTORY REVIEW AND REQUEST FOR *CHUMAN* CERTIFICATION - 7

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.**624.5265**
Spokane, Washington 99201-0300          Fax: 509.**458.2728**

As previously discussed, "an order denying qualified immunity on the ground that a genuine issue of material fact exists is not a final, immediately appealable order." *Maropulos*, 560 F.3d at 975 (emphasis added); *see also*, *Johnson v. Jones*, 515 U.S. 304, 320, 115 S. Ct. 2151, 2159, 132 L. Ed. 2d 238 (1995); *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018).

4. Plaintiff Requests a *Chuman* Finding and Asks that the Court Proceed to Trial.

In 1992, the Ninth Circuit Court of Appeals faced the issue of what jurisdiction the lower court maintains when an appeal was improperly brought. *Chuman v. Wright*, 960 F.2d 104, 104 (9th Cir. 1992). The Ninth Circuit determined that a lower court may retain jurisdiction in the case that the appeal was frivolous. *Id.* The Ninth Circuit explained: "Recognizing the importance of avoiding uncertainty and waste, but concerned that the appeals process might be abused to run up an adversary's costs or to delay trial, we have authorized the district court to go forward in appropriate cases by certifying that an appeal is frivolous or waived." *Rodriguez*, 891 F.3d at 791 (citing *Chuman*, 960 F.2d at 105) (emphasis added).

Here, there are two undisputed facts:

- The Court's order denying summary judgment as to qualified immunity was based on issues of material fact.

PLAINTIFF'S RESPONSE TO DEENDANTS' MOTION TO STAY PENDING INTERLOCUTORY REVIEW AND REQUEST FOR *CHUMAN* CERTIFICATION - 8



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

- "[A]n order denying qualified immunity on the ground that a genuine issue of material fact exists is not a final, immediately appealable order." *Maropulos*, 560 F.3d at 975.

Defendants appeal is premature. After having the case for, at most two days, the Ninth Circuit has already warned the Defendants that they must prove that jurisdiction is appropriate and warned that appeals based on issues of material fact are improper and premature. Therefore, Plaintiff asks this Court to find that Defendants premature appeal is frivolous and allow trial to continue on all claims.

5.  <u>Defendants Improper Appeal is Made Solely for the Purpose of Delay and Increasing the Costs to the Plaintiff.</u>

Most troubling is that it is apparent that the City of Yakima and the individual Defendants are employing this tactic solely to delay and increase the cost to the Plaintiff—depriving him of his day in court. Ostensibly, the purpose of immediate appeal of the doctrine of qualified immunity is "to protect officials against the burdens of further pretrial proceedings and trial." *Johnson*, 515 U.S. at 315. If that were the case, the quickest resolution to this matter would be to move forward with trial. Allowing the appeal to move forward and staying the trial, would lead to a delay of between 12 months or more. *When* the Court of Appeals sustains the decision, the parties will return to this Court for trial. Based on Defendants' dilatory and cost-increasing conduct to date, they will almost assuredly appeal again. Tactics and abuses of procedure, such as these, are why

PLAINTIFF'S RESPONSE TO DEENDANTS' MOTION TO STAY PENDING INTERLOCUTORY REVIEW AND REQUEST FOR *CHUMAN* CERTIFICATION - 9



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

the doctrine of qualified immunity and its immediate appealability are coming under increasingly widespread scrutiny. *See* Solimine, Michael, *Are Interlocutory Qualified Immunity Appeals Lawful?*, *94* NOTRE DAME L. REV., 169 (May 2019). If protecting government officials from delay and expense was the purpose in Defendants' appeal, that purpose would be better served by moving through trial instead of filing a frivolous appeal that will surely sustain this Court's ruling, only to come back and try the case.  Furthermore, the expense of trial is not burdensome to any Defendants as all Defendants are covered by insurance.

## IV.    CONCLUSION

Defendants have improperly filed a notice of appeal before the Ninth Circuit Court of Appeals.  That court has already warned Defendants that their appeal may be improper.  Based on a plain review of this Court's summary judgment order, it is clear that the order is based on disputed issues of fact.  Such an order is not immediately appealable. Therefore, this Court should deny Defendants' request for a stay, make a *Chuman* finding, and allow Plaintiff his day in Court as to all claims.

//

//

//



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

Dated this 3rd day of February 2020.

           WITHERSPOON · KELLEY

           By: <u>*s/Matthew A. Mensik*</u>
           Matthew A. Mensik, WSBA #44260
           Casey M. Bruner, WSBA # 50168
           mam@witherspoonkelley.com
           cmb@witherspoonkelley.com
           422 W. Riverside Avenue, Suite 1100
           Spokane, WA  99201-0300

           CROTTY & SON LAW FIRM, PLLC

           By: <u>*Approved Matthew Z. Crotty*</u>
           Matthew Z. Crotty, WSBA #39284
           matt@crottyandson.com
           905 W. Riverside Ave, Suite 404
           Spokane, WA 99201

           *Counsel for Plaintiff Mark Peterson*

PLAINTIFF'S RESPONSE TO DEENDANTS' MOTION TO STAY PENDING INTERLOCUTORY REVIEW AND REQUEST FOR *CHUMAN* CERTIFICATION - 11



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.**624.5265**
Spokane, Washington 99201-0300   Fax: 509.**458.2728**

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

<u>Attorneys for Defendants</u>:

Robert L. Christie
Salim Lewis
Christie Law Group, PLLC
2100 Westlake Avenue N., Suite 206
Seattle, WA  98109
*bob@christielawgroup.com*
*salim@christielawgroup.com*

                               *s/ Matthew A. Mensik*
                               Matthew A. Mensik
                               Witherspoon Kelley
                               422 W Riverside Ave, Ste 1100
                               Spokane, WA  99201
                               Email:  mam@witherspoonkelley.com

PLAINTIFF'S RESPONSE TO DEENDANTS' MOTION TO STAY PENDING INTERLOCUTORY REVIEW AND REQUEST FOR *CHUMAN* CERTIFICATION - 12



422 W. Riverside Avenue, Suite 1100   Phone: 509.**624.5265**
Spokane, Washington 99201-0300   Fax: 509.**458.2728**