FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK PETERSON, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF YAKIMA, a local government entity; TONY O'ROURKE, an individual human; MARK SOPTICH, an individual human; and ANTHONY DOAN, an individual human,<br><br>　　　　　　　　　Defendants. | NO:  1:18-CV-3136-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY |

BEFORE THE COURT is a Motion to Stay pending Defendants Mark Soptich and Anthony Doan's interlocutory appeal of the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion for summary judgment.  ECF Nos. 62 (Summary Judgment Order) and 84 (Motion to Stay).  Plaintiff opposes the Motion to Stay by arguing that Defendants' appeal is frivolous, and the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") likely will find that it lacks jurisdiction of

ORDER GRANTING DEFENDANT'S MOTION TO STAY ~ 1

Defendants Soptich and Doan's appeal. ECF No. 84. The Court heard telephonic oral argument from the parties on an expedited basis on February 3, 2020, and granted Defendants' motion. This Order memorializes the Court's oral rulings.

## BACKGROUND

After the Summary Judgment Order, only Plaintiff's claims based on a violation of the First Amendment survive under 42 U.S.C. § 1983.[1] Plaintiff alleges a First Amendment retaliation claim against all three individual Defendants as well as against the City of Yakima under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court found that the individual Defendants lacked qualified immunity from suit on the First Amendment retaliation claim. ECF No. 62 at 36−46. Two of the individual Defendants, Soptich and Doan, timely appealed the Summary Judgment Order to the Ninth Circuit. ECF No. 73. Briefing to the Ninth Circuit is scheduled to be complete by July 2020. *See* ECF No. 79 at 3.

## DISCUSSION

A proper appeal of a denial of qualified immunity "divests the district court of jurisdiction to proceed with trial" on the issues implicated by the appeal. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). However, "a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction." *Id.*; *Eisho*

---

[1] The Court also denied summary judgment with respect to Plaintiff's common law civil conspiracy claim and state law malicious prosecution claim. ECF No. 62 at 53−57.

ORDER GRANTING DEFENDANT'S MOTION TO STAY ~ 2

*Suzuki v. Cty. of Contra Costa*, No. 18-cv-06963-SI, 2019 U.S. Dist. LEXIS 166179, at *4 (N.D. Cal. Sep. 25, 2019) ("When a party appeals the denial of qualified immunity, a district court may nevertheless certify the appeal as frivolous, then proceed with trial.") (citing *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009)). Without a written certification from the district court that a pretrial appeal is frivolous, the district court lacks jurisdiction to proceed with trial of the appealed claim(s) until the appeal is resolved. *Id.* The district court retains jurisdiction over the claims that are not the subject of the appeal. *See, e.g., Castro v. Melchor*, 760 F. Supp. 2d 970, 1003 (D. Haw. 2010).

The appellate court's "interlocutory appellate jurisdiction under 28 U.S.C. § 1291 to review the denial of qualified immunity is limited to questions of law." *Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 931 (9th Cir. 2017).

Plaintiff maintains that the appeal is frivolous because the Summary Judgment Order is "*not* a final order nor immediately appealable as it was based on disputed facts." ECF No. 84 at 4 (emphasis in original). Therefore, Plaintiff requests that the Court determine that Defendants' appeal is frivolous under *Chuman*, 960 F.2d 104, and proceed to trial on all claims that survived the Summary Judgment Order. *Id.*

Defendants did not have an opportunity to file a reply with the expedited hearing schedule, but at oral argument Defendants proffered that their interlocutory appeal seeks to resolve the issue of whether a defendant can be an integral participant in a First Amendment retaliation claim without knowledge of the

ORDER GRANTING DEFENDANT'S MOTION TO STAY ~ 3

plaintiff's First Amendment activity.  In light of the legal, rather than factual, question posed by Defendants' appeal, the Court denied Plaintiff's request to certify Defendants' appeal as frivolous based on lack of appellate jurisdiction.  Following the Court's ruling, Plaintiff consented to a stay of the proceedings pending appeal to avoid the potential of a bifurcated trial.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Stay, **ECF No. 79**, is **GRANTED**.

2. The current trial date of March 9, 2020, and the pretrial conference date of February 18, 2020, are **STRICKEN**, and all pending motions and deadlines are **STAYED**.

3. To retain a trial date for this matter on the Court's calendar, the trial is reset for **September 28, 2020**.  An amended scheduling order setting a new pretrial schedule, to the extent that deadlines have not already expired, will be issued separately.

4. A **telephonic status conference** is set for A**ugust 18, 2020, at 10:00 a.m.**, to discuss whether to lift the stay.  The parties shall call the Court's toll-free conference line at (888) 363-4749 and enter access code 6699898.  Participants shall listen and carefully follow the automated instructions to be added to the conference in a timely manner.  **Speaker phones are not compatible with the Court's audio system and may not be used for this hearing**.

ORDER GRANTING DEFENDANT'S MOTION TO STAY ~ 4

5.     Alternatively, the parties may update the Court regarding the status of the interlocutory appeal prior to the status conference through a joint filing.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** February 4, 2020.

           *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
           United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO STAY ~ 5