UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK PETERSON,<br><br>                  Plaintiff,<br><br>v.<br><br>CITY OF YAKIMA, TONY O'ROURKE, MARK SOPTICH, and ANTHONY DOAN,<br><br>                  Defendants. | NO. 1:18-CV-3136-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Partial Summary Judgment (ECF No. 147). This matter was submitted for consideration with telephonic oral argument on June 22, 2022. Robert L. Christie appeared on behalf of Defendants. Casey M. Bruner appeared on behalf of Plaintiffs. The Court has reviewed the record and files herein, considered the parties' oral arguments, and is fully informed. For the reasons discussed below, Defendants' Motion for Partial Summary Judgment (ECF No. 147) is GRANTED.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

# FACTUAL BACKGROUND

This matter relates to alleged constitutional violations stemming from Plaintiff's public criticism of the City of Yakima. A detailed factual background is described in the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion for Partial Summary Judgment. ECF No. 62. The following facts relevant to the present motion are not in dispute except where noted.

On the morning of November 5, 2013, Plaintiff attended a meeting at a local restaurant where Defendant O'Rourke was scheduled to speak about the City of Yakima's downtown plaza plan (the "Plaza Plan"). ECF No. 18 at 5, ¶ 12. Later that day, Plaintiff attended a City Council meeting where he voiced his opposition to the Plaza Plan. ECF No. 23 at 9, ¶ 54. Also on November 5, 2013, Defendant Doan conducted a series of fire code building inspections; Plaintiff's was among the businesses visited. ECF No. 18 at 6, ¶ 13. Four businesses were cited for serious violations that day, including Plaintiff's. ECF No. 24-24. Three of the four businesses subsequently worked with the fire department to address the noncompliance issues. Plaintiff was noted to be "less willing to work with the fire department." *Id*. Plaintiff disputed whether the updates identified by Doan were necessary. ECF Nos. 23 at 23, ¶ 124; 19-1 at 29.

1    Doan also met with Defendant Soptich, his supervisor, on November 5, 2013
2 to discuss Plaintiff's building. ECF No. 23 at 18, ¶ 104. That evening, Soptich
3 sent an email containing only Plaintiff's business address to the City's building
4 department. *Id*. at ¶ 105. Soptich received an email in return stating that
5 Plaintiff's basement had been approved in 2002 to be used as a showroom,
6 provided certain "conditions" were met. *Id*. at ¶ 106. The email further stated no
7 permits had been issued to complete the necessary conditions. *Id*. Soptich then
8 forwarded the email to Doan with the message, "Knowledge is power. Get with
9 me." *Id*. at 19, ¶ 108.
10    Between November 2013 and January 2014, Doan made multiple attempts to
11 conduct a follow-up inspection of Plaintiff's building but never completed the
12 reinspection. ECF No. 18 at 9, ¶¶ 21–22, at 11, ¶ 25, at 13–14, ¶ 30. The parties
13 dispute why Doan was unable to complete the reinspection. *Id.* at 13–14, ¶ 30;
14 ECF No. 23 at 26–27, ¶¶ 138–142. During that time, Plaintiff communicated with
15 Doan on several occasions and stated his belief that Doan's actions and the City's
16 insistence on the fire code upgrades were retaliation for Plaintiff's criticism of the
17 Plaza Plan. *Id*. at 25, ¶ 132, at 26, ¶ 135, at 27 ¶¶ 144, 147. The City of Yakima
18 filed criminal charges related to the fire code violations against Plaintiff on
19 February 10, 2014; the City later moved to dismiss the case. *Id*. at 56, ¶ 239, at 83,
20 ¶ 358.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 3

## PROCEDURAL BACKGROUND

Defendants Doan and Soptich presently move for summary judgment on Plaintiff's First Amendment retaliation claim and *Monell* liability claim premised on ratification, arguing they are entitled to qualified immunity. ECF No. 147. Defendants previously sought summary judgment on these same claims in November 2019 but the motion was denied after the Court found Plaintiff raised genuine issues of material facts. ECF No. 62 at 32–46. Defendants appealed the decision. *Peterson v. City of Yakima*, 830 Fed. Appx. 528 (9th Cir. 2020). The Ninth Circuit dismissed the appeal for lack of jurisdiction. *Id*.

Subsequently, on June 21, 2021, the Court held a pretrial conference during which the parties raised the issue of Plaintiff's intended trial witnesses and evidence. ECF No. 148 at 5–7, ¶¶ 10–14; *see generally* ECF Nos. 149-2, 149-3. After hearing the parties' arguments as to whether all the evidence and witness testimony would be admissible at trial, the Court ordered the parties to submit supplemental briefing regarding Plaintiff's *Monell* liability claims. ECF No. 148 at 8, ¶ 16. Another pretrial conference was held on June 23, 2021. *Id*. at ¶ 17. After considering the parties arguments from both hearings, and the completed briefing, the Court ruled that any evidence not pertaining to Defendants O'Rourke, Doan, and Soptich would likely be excluded at trial. *Id*. at 9, ¶ 20; *see also* ECF No. 133.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

**DISCUSSION**

**I.    Law of the Case Doctrine**

Defendants' renewed argument for qualified immunity on Plaintiff's First Amendment retaliation claim and *Monell* liability claim premised on ratification is based on the Court's narrowing of admissible evidence. ECF No. 147. Plaintiff argues the Ninth Circuit's ruling on Defendants' interlocutory appeal is conclusive regarding the issue of qualified immunity and whether there is evidence to support Plaintiff's First Amendment retaliation claim. ECF No. 150 at 5.

Plaintiff misreads the Ninth Circuit's holding. The circuit court did not rule on the merits of Defendants' appeal but dismissed the matter for lack of jurisdiction, stating the "true dispute concerns the sufficiency of the evidence. We have no jurisdiction over it." *Peterson*, 830 Fed. Appx. at 529. This is because "any decision by the district court that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal." *Id.* (internal quotations, brackets, and citation omitted). Therefore, the determination of admissibility was left for this Court to decide. Accordingly, Defendants' renewed arguments for qualified immunity in light of this Court's evidentiary ruling is appropriate and not precluded by the law of the case doctrine, as Plaintiff argues.

## II.  Summary Judgment

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court must only consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248.  Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party.  *Id.*  The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of

an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### A. Qualified Immunity

Defendants Doan and Soptich move for summary judgment on Plaintiff's claim for First Amendment retaliation on the grounds that they are entitled to qualified immunity. Doan and Soptich argue that because the Court limited the evidence Plaintiff would be permitted to introduce at trial, there is no evidence to support a finding they had any knowledge of Plaintiff's First Amendment speech activities prior to their fire code enforcement actions. ECF No. 147 at 8.

Qualified immunity shields government actors from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). Generally, the defendant has the burden of pleading and proving this affirmative defense. *Frudden v. Pilling*, 877 F.3d 821, 831 (9th Cir. 2017). *But see LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000) ("[P]laintiff bears the burden of showing that the rights allegedly violated were 'clearly established.'").

In evaluating a state actor's assertion of qualified immunity, the Court must determine: (1) whether the facts, viewed in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right; and (2) whether

the right was clearly established at the time of the alleged violation such that a reasonable person in the defendant's position would have understood that his actions violated that right. *See Saucier v. Katz,* 533 U.S. 194, 201–02 (2001) (*overruled in part by Pearson,* 555 U.S. at 227). Courts have discretion to determine "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *Pearson*, 555 U.S. at 236. If the answer to the first inquiry is in the negative, then the official's conduct was constitutional and there can be no violation of § 1983. *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012). If the answer to the first inquiry is "yes" and the second is "no," then the official's conduct is protected by qualified immunity. *Id*. "Only when an officer's conduct violates a clearly established constitutional right—when the officer should have known he was violating the Constitution—does he forfeit qualified immunity." *Id*.

 1. First Amendment Retaliation

Plaintiff asserts the fire code noncompliance findings, and the eventual criminal prosecution, were retaliation for his public opposition to the Plaza Plan. ECF Nos. 1-2 at 12–13; 150 at 7–8. To establish a claim for First Amendment retaliation, a plaintiff must prove: "(1) it engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8

was a substantial motivating factor in the defendant's conduct—i.e., that there was nexus between the defendant's actions and an intent to chill speech." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016).

The Court previously determined Plaintiff established the first and second prongs of the analysis. ECF No. 62 at 37–38. Accordingly, the Court will focus on whether there remains a genuine issue of material fact regarding the third prong, in light of the Court's limitation of Plaintiff's evidence. Plaintiff must allege facts that ultimately enable him to "prove the elements of retaliatory animus as the cause of injury, with causation being understood to be but-for causation." *Lacey*, 693 F.3d at 917 (internal quotations and citation omitted). Proving but-for causation in a retaliation claim is "complex." *Hartman v. Moore*, 547 U.S. 250, 261 (2006). "It may be dishonorable to act with an unconstitutional motive and perhaps in some instances be unlawful, but action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway." *Id.* at 260.

Defendants argue they could not have violated Plaintiff's First Amendment rights because the narrowed evidence does not establish Soptich and Doan had knowledge of Plaintiff's free speech activities prior to their fire code enforcement actions, nor does it establish Defendants' actions were motivated by the free speech activities. ECF No. 147 at 8–9.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9

a. <u>Defendant Doan</u>

To establish Doan's knowledge, Plaintiff points to the timing of the building inspection, which occurred on the same day as Plaintiff's public criticism of the Plaza Plan. ECF No. 150 at 8. On the day in question, Plaintiff's business was one of several that were inspected by Doan for fire code compliance. ECF No. 18 at 6, ¶ 13. A total of four businesses were cited for noncompliance, including Plaintiff's. ECF No. 24-24. Plaintiff was noted to be "less willing to work with the fire department." *Id*. When Doan attempted to follow up with Plaintiff regarding the violations, Plaintiff was either unavailable to meet with Doan or he refused to schedule an appointment with Doan without first seeing prior inspection reports. ECF No. 24-13 at 5–6. Doan returned to Plaintiff's business on several occasions to re-inspect the building but never completed the reinspection. *Id*. at 5–10. It is unclear whether Doan was denied access to the building or whether he chose not to inspect the building without Plaintiff present. ECF Nos. 18 at 13–14, ¶ 30; 23 at 26–27, ¶¶ 138–142.

Plaintiff argues the timing of the inspection and the persistent follow-up visits were retaliation for his outspoken criticism of the City. ECF No. 150 at 8–9. Plaintiff further argues Doan had actual knowledge of his protected speech activities because Plaintiff repeatedly told Doan his actions were retaliatory in nature. *Id*. at 10–11. To support this contention, Plaintiff provides only his own

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10

communications to Doan. *See* ECF Nos. 23 at 25, ¶ 132, at 27, ¶ 147; 24-13 at 10–12.

The crux of Plaintiff's argument is that Doan's investigation and subsequent course of action caused the City to prosecute Plaintiff for the alleged fire code violations. ECF No. 150 at 12. Reviewing the admissible evidence in a light most favorable to Plaintiff, Plaintiff has provided nothing more than a chronological narrative of the inspection events and his own perception of Defendants' actions. There is no evidence Doan was motivated by anything more than his duties as a fire code inspector. Had Plaintiff's business been the only one targeted for fire inspection on that day, or the only business found in noncompliance, a reasonable jury may have been able to properly infer an unconstitutional retaliatory motive. *See Bruce v. Ylst*, 351 F.3d 1283, 1288–90 (9th Cir. 2003) (timing can serve as circumstantial evidence of retaliation). But that was not the case. Plaintiff was simply the only business owner who was not in compliance with the fire code and who refused to work with the City to address the compliance issues.

Plaintiff has not provided any evidence to demonstrate Doan would have taken a different course of action but for Plaintiff's First Amendment activities. Consequently, Plaintiff has failed to establish a genuine dispute of material fact regarding Doan's knowledge of Plaintiff's First Amendment activities such that

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 11

Doan would be aware his fire code inspection actions were violating Plaintiff's constitutional rights.

### b. Defendant Soptich

As to Defendant Soptich's knowledge, Plaintiff again relies on the timing of Doan's inspection on November 5, 2013, and the events that followed. ECF No. 150 at 13. Immediately after the inspection, Soptich, who was Doan's supervisor, met with Doan to discuss the inspection findings. *Id*. Soptich then emailed the City's building department, providing only the address of Plaintiff's business. *Id*. In reply, Soptich received an email stating Plaintiff's building had been approved to use the basement as a showroom in 2002, contingent on "conditions" being met. ECF No. 24-9 at 2. Attached to the email was a letter from 2002, written by a Fire Code Inspector, acknowledging the approval and outlining the required conditions. *Id*. at 4–5. The email further indicated no permits had ever been issued for the work required to complete the conditions. *Id*. at 2. Soptich then forwarded the email to Doan with the message, "Knowledge is power. Get with me." *Id*. Plaintiff argues this information is sufficient to establish Soptich's knowledge of the protected speech activities. Plaintiff does not provide any further context for these communications.

As to Soptich's subsequent actions, Plaintiff points to an email from Soptich to his supervisor regarding Plaintiff's business, and to a memorandum outlining the

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 12

2013 fire inspections generally, as evidence of a retaliatory motive. ECF No. 150 at 13–14. It is unclear how these documents imply a retaliatory motive; they simply outline the general findings of the 2013 fire inspections, details about Plaintiff's building in particular, and a follow-up plan for Plaintiff's building. ECF Nos. 25-13; 24-23. There is no evidence Soptich was motivated to take these actions for any reasons beyond those required by his job duties.

Finally, Plaintiff asserts Soptich admitted in his deposition to knowing of Plaintiff's First Amendment activities and that O'Rourke was involved in Plaintiff's prosecution because of Plaintiff's criticism of the City. ECF No. 150 at 14. However, a review of the deposition testimony reveals Soptich had only cursory knowledge of the nature of Plaintiff's relationship with O'Rourke; the testimony does not imply he knew the precise reason for the contentious relationship. ECF No. 24-3 at 22. Moreover, Soptich stated he did not learn of Plaintiff's contentious relationship with O'Rourke until after the November 5, 2013 inspection. *Id*.

Viewing the evidence in a light most favorable to Plaintiff, Plaintiff has provided only a timeline of events following the inspection of his building on November 5, 2013. Plaintiff has not provided evidence that Soptich would have acted in a different manner but for Plaintiff's protected speech activities. Therefore, Plaintiff has failed to establish a genuine dispute of material fact

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 13

1 regarding Soptich's knowledge of Plaintiff's speech activities or that the speech
2 activities motivated Soptich's actions following the building inspection.

3     Based on the foregoing, the Court finds Defendants Doan and Soptich are
4 entitled to qualified immunity because the admissible evidence does not indicate
5 either individual possessed the requisite knowledge of Plaintiff's protected speech
6 activities, such that they could have known their inspection activities and
7 subsequent actions were violating Plaintiff's First Amendment rights.

8     **B.** *Monell* **Liability—Ratification**

9     Plaintiff alleges the City of Yakima can be held liable for violating
10 Plaintiff's First Amendment rights because Defendant O'Rourke, as the City's
11 Manager and final policymaker, ratified the unconstitutional acts of Doan and
12 Soptich. ECF No. 1-2 at 16–17, ¶¶ 89–93. Defendants move for summary
13 judgment, arguing the evidence does not support a finding that Doan and Soptich
14 violated Plaintiff's constitutional rights, and therefore, there were no
15 unconstitutional actions for O'Rourke to ratify. ECF No. 147 at 10–11.

16     "In order to set forth a claim against a municipality under 42 U.S.C. § 1983,
17 a plaintiff must show that the defendant's employees or agents acted through an
18 official custom, pattern or policy that permits deliberate indifference to, or violates,
19 the plaintiff's civil rights; or that the entity ratified the unlawful conduct." *Shearer*
20 *v. Tacoma Sch. Dist. No. 10*, 942 F. Supp. 2d 1120, 1135 (W.D. Wash. 2013)

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 14

(citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)).  As such, a policy, practice, or custom can be established in three ways: (1) an employee acts pursuant to an expressly adopted official policy, (2) an employee acts pursuant to a longstanding practice or custom, or (3) an employee acts as a final policymaker.  *Lytle v. Carl*, 382 F.3d 978, 982–83 (9th Cir. 2004).

The parties' briefing does not address whether O'Rourke acted as a final policy maker.  Rather, the parties dispute whether there were any unconstitutional actions that O'Rourke could have ratified.  Having determined there is insufficient evidence to support a finding that Doan and Soptich violated Plaintiff's constitutional rights, there is no basis for the City's liability under the *Monell* theory of ratification.  Consequently, Defendants are entitled to summary judgment on Plaintiff's claim for *Monell* liability premised on ratification.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Partial Summary Judgment (ECF No. 147) is **GRANTED**.

2. Plaintiff's First Cause of Action for First Amendment Retaliation against Doan and Soptich is **DISMISSED with prejudice**.

3. Plaintiff's Fifth Cause of Action for *Monell* Liability premised on a theory of ratification of Doan's and Soptich's conduct is **DISMISSED with prejudice**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED June 22, 2022.



THOMAS O. RICE
United States District Judge