UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK PETERSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITY OF YAKIMA, TONY O'ROURKE, MARK SOPTICH, and ANTHONY DOAN,<br><br>                    Defendants. | CASE NO. 1:18-CV-3136-TOR |

_____

### FINAL INSTRUCTIONS GIVEN BY THE COURT

_____

DATED September 1, 2022.

THOMAS O. RICE
United States District Judge

FINAL INSTRUCTIONS ~ 1

## FINAL INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

These instructions are the final instructions that govern your deliberations. This set of instructions is not to be taken home and must remain in the jury room.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## FINAL INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of the following:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence;

3.  any facts to which the parties have agreed; and

4.  any facts that I have instructed you to accept as proven.

FINAL INSTRUCTIONS ~ 3

<u>FINAL INSTRUCTION NO. 3</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What the lawyers said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I gave a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the Court was not in session is

not evidence.  You are to decide the case solely on the testimony and

exhibits received and admitted into evidence in the courtroom.

FINAL INSTRUCTION NO. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## FINAL INSTRUCTION NO. 5

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

FINAL INSTRUCTION NO. 6

There are rules of evidence that control what can be received into evidence. Throughout trial the parties objected to certain questions or exhibits. You must abide by my decisions. Please recall that if I sustained an objection, the question was not answered, or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

In trial I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Likewise, when I gave you an instruction limiting what certain evidence could be used for, you must follow my instruction and so limit your use of that evidence.

1

## FINAL INSTRUCTION NO. 7

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

1

2                        <u>FINAL INSTRUCTION NO. 8</u>

3          In deciding the facts in this case, you may have to decide which testimony to

4   believe and which testimony not to believe.  You may believe everything a witness

5   says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the

6   number of witnesses who testify about it.

7          In considering the testimony of any witness, you may take into account the

8   following:

9          (1) the opportunity and ability of the witness to see or hear or know the

10             things testified to;

11         (2) the witness's memory;

12         (3) the witness's manner while testifying;

13         (4) the witness's interest in the outcome of the case, if any;

14         (5) the witness's bias or prejudice, if any;

15         (6) whether other evidence contradicted the witness's testimony;

16         (7) the reasonableness of the witness's testimony in light of all the evidence;

17             and

18         (8) any other factors that bear on believability.

19         Sometimes a witness may say something that is not consistent with

20   something else he or she said.  Sometimes different witnesses will give different

versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

FINAL INSTRUCTION NO. 9

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

When a party has the burden of proving any claim or defense by clear, cogent and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

You should base your decision on all of the evidence, regardless of which party presented it.

## FINAL INSTRUCTION NO. 10

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

## FINAL INSTRUCTION NO. 11

Plaintiff Mark Peterson seeks to hold Defendant Tony O'Rourke liable for violating his rights under the First Amendment to the United States Constitution.

Under the First Amendment, a citizen has the right to free expression.  To establish the Defendant deprived the plaintiff of this First Amendment right, the Plaintiff must prove the following elements by a preponderance of the evidence:

1.  Defendant Tony O'Rourke acted under color of state law;

2.  The acts of the Defendant deprived the Plaintiff of his particular rights under the First Amendment to the United States Constitution;

3.  The Plaintiff was engaged in a constitutionally protected activity;

4.  The Defendant's actions against the Plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and

5.  The Plaintiff's protected activity was a substantial or motivating factor in the Defendant's conduct.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

FINAL INSTRUCTIONS ~ 14

If you find Plaintiff has proved all of these elements as to Defendant O'Rourke, your verdict should be for the Plaintiff.  If you find that Plaintiff has failed to prove any one or more of these elements against Defendant O'Rourke, your verdict should be for the Defendant.

FINAL INSTRUCTION NO. 12

In order to prevail against Defendant City of Yakima for violation of his First Amendment rights by reason of acts of a final policymaker, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Defendant O'Rourke acted under color of state law;

2. The acts of Defendant O'Rourke deprived the Plaintiff of his particular rights under the First Amendment of the United States Constitution;

3. Defendant O'Rourke had final policymaking authority from Defendant City of Yakima concerning these acts;

4. When Defendant O'Rourke engaged in these acts, he was acting as a final policymaker for Defendant City of Yakima; and

5. The acts of Defendant O'Rourke  caused the deprivation of the Plaintiff's rights; that is, Defendant O'Rourke's acts were so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

If you find that the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements he is required to prove under

Instruction # 11 that deal with the particular rights, your verdict should be for the

Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any one or more of

these elements, your verdict should be for the Defendant City of Yakima.

<u>FINAL INSTRUCTION NO. 13</u>

In order to prevail on his state law malicious prosecution claim against the Defendants City of Yakima, Tony O'Rourke, Mark Soptich, and Anthony Doan, the plaintiff must prove each of the following elements by a preponderance of the evidence against a particular defendant:

1. The prosecution claimed to have been malicious was instituted or continued by the Defendant;

2. There was want of probable cause for the institution or continuation of the prosecution;

3. The proceedings were instituted or continued through malice on the part of that Defendant;

4. The proceedings terminated on the merits in favor of the Plaintiff, or were abandoned; and

5. The Plaintiff suffered injury or damage as a result of the prosecution.

"Malice" means desire to cause pain, injury, or distress to another or the intent to commit an unlawful act or cause harm without legal justification or excuse.

"Probable cause" means those facts and circumstances, based on reasonably trustworthy information, sufficient to cause a reasonable person to believe that a

FINAL INSTRUCTIONS ~ 18

particular individual has committed a crime.  Probable cause is an objective standard.

Plaintiff can establish that there was a lack of probable cause by showing that the criminal proceedings were dismissed or terminated in the plaintiff's favor. This creates a presumption that there was a lack of probable cause.  The Defendants can rebut that presumption by affirmatively establishing that probable cause existed to prosecute the Plaintiff.

## FINAL INSTRUCTION NO. 14

Under the law, the City of Yakima is considered to be an entity that can be sued.  It can only act through its employees, agents, directors, or officers.  Therefore, the City of Yakima is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

With respect to the malicious prosecution claim, the Defendants are sued as principal and agent.  The Defendant City of Yakima is the principal and the Defendants Tony O'Rourke, Mark Soptich and Anthony Doan are its agents.  If you find that one or more of the agents (Tony O'Rourke, Mark Soptich, or Anthony Doan) committed malicious prosecution, then you must also find against Defendant City of Yakima.  However, if you find that none of the agents committed malicious prosecution, then you must also find for Defendant City of Yakima.

<u>FINAL INSTRUCTION NO. 15</u>

In order to prevail on his state law conspiracy claim against Defendants Tony O'Rourke, Mark Soptich, and Anthony Doan, the Plaintiff must prove each of the following elements by clear, cogent, and convincing evidence:

1. Two or more of the individual Defendants combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means, specifically the state law malicious prosecution; and

2. The Defendants entered into an agreement to accomplish the object of this conspiracy.

FINAL INSTRUCTIONS ~ 21

## FINAL INSTRUCTION NO. 16

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on any of his claims, you must determine Plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for the actual injury you find was caused by the Defendant.  You may not award damages based on the abstract value of a constitutional right.  You should only consider the following:

The loss of enjoyment of life experienced;

The mental and/or emotional pain and suffering experienced;

The out-of-pocket loss; and

The reasonable value of earnings, salaries, and business opportunities lost.

Any award of damages must be based on evidence and not upon speculation, guess, or conjecture.  The law has not furnished us with any fixed standards by which to measure damages.  With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

## FINAL INSTRUCTION NO. 17

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

A defendant has the burden of proving by a preponderance of the evidence:

1. That the plaintiff failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.

FINAL INSTRUCTIONS ~ 23

## FINAL INSTRUCTION NO. 18

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

FINAL INSTRUCTIONS ~ 24

FINAL INSTRUCTION NO. 19

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

FINAL INSTRUCTION NO. 20

One set of special verdict forms has been prepared for you.  You should follow the instructions on the verdict forms closely in conjunction with these instructions.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the forms that has been given to you, sign and date them, and advise the Court by sending a note through the bailiff stating you have reached a verdict and are ready to return to the courtroom.  The presiding juror will deliver the verdict forms to the Judge in open court.

Unanimous verdict means all jurors agree to the answers submitted on the verdict forms.

FINAL INSTRUCTIONS ~ 26