FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 07, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK PETERSON,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF YAKIMA, TONY O'ROURKE, MARK SOPTICH, and ANTHONY DOAN,<br><br>　　　　　　　　Defendants. | NO. 1:18-CV-3136-TOR<br><br>ORDER DECLINING SUPPLEMENTAL JURISDICTION AND ORDER OF REMAND |

*SUA SPONTE*, THE COURT raises the issue of its continuing jurisdiction over the only remaining claim in this case. The Court has reviewed the record and files herein and is fully informed.

## DISCUSSION

The only claim left in this case is Plaintiff's claim of malicious prosecution under Washington State law. On October 13, 2023, the Ninth Circuit reversed in part and remanded that claim back to the district court. ECF No. 249. All other claims have been resolved.

ORDER DECLINING SUPPLEMENTAL JURISDICTION AND REMAND ~ 1

A federal court has supplemental jurisdiction over pendent state law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted). Once the court acquires supplemental jurisdiction over state law claims, § 1367(c) provides that the court may decline to exercise jurisdiction if

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Indeed, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), superseded on other grounds by statute as stated in *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

ORDER DECLINING SUPPLEMENTAL JURISDICTION AND REMAND ~ 2

Here, the Court declines to retain supplemental jurisdiction for several reasons. First, the Court no longer has any federal claims to proceed with. 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (finding that a district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state law claims when federal claims were dismissed).

Second, if Plaintiff chooses to try the case in state court, the parties' completed discovery can easily be utilized in that forum.

Third, state court is a particularly appropriate forum in which to address Plaintiff's remaining state law.

The values of judicial economy, convenience to the parties, fairness, and comity would be no more advanced by retaining the case in this Court than by the parties resolving the state law claim in state court.

For all of these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. *See* 28 U.S.C. § 1367(c)(3).

//
//
//
//
//

ORDER DECLINING SUPPLEMENTAL JURISDICTION AND REMAND ~ 3

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Pursuant to 28 U.S.C. § 1367(c)(3), Plaintiff's state law claim of malicious prosecution is hereby **REMANDED** to the Superior Court in and for the County of Yakima, former case number 17-2-034663-9.

The District Court Executive is directed to enter this Order, provide copies to counsel, mail a certified copy of this Order to the Clerk of the Yakima County Superior Court, and **CLOSE** the file.

**DATED** November 7, 2023.



_____
THOMAS O. RICE
United States District Judge